UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah Corporation,<br><br>Plaintiff/ Counterclaim-Defendant,<br><br>v.<br><br>LOGAN OUTDOOR PRODUCTS, LLC, a Utah Limited Liability Company d/b/a CAMP CHEF,<br><br>Defendant/ Counterclaim-Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO MODIFY PROTECTIVE ORDER (DOC. NO. 34)**<br><br>Case No. 1:21-cv-00156<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Defendant and Counterclaim-Plaintiff Logan Outdoor Products, LLC's ("Camp Chef") seeks to modify the standard protective order in this case to include a prosecution bar. (Def.'s Mot. to Modify Protective Order ("Mot."), Doc. No. 34.) Camp Chef contends this is necessary to avoid inadvertent disclosure of confidential information because the law firm representing Plaintiff and Counterclaim-Defendant Lifetime Products, Inc. ("Lifetime") also prosecutes patents for Lifetime. (*Id.* at 1–3.) The court held a hearing on the motion on March 22, 2022. (*See* Doc. No. 44.) Where Camp Chef has shown good cause to include a prosecution bar in the protective order—and the scope of the proposed bar is reasonable—Camp Chef's motion is granted.

BACKGROUND

In this case, Lifetime alleges Camp Chef's grills infringe its patent (the '531 patent). (Mot. 3, Doc. No. 34.) The law firm representing Lifetime in this infringement action also represents Lifetime in patent prosecution activities. (*Id.*) This same firm prosecuted the '531

1

patent application, is currently prosecuting the '531 patent reissue application, and is prosecuting at least two other patent applications related to grills. (*Id.*) (The parties refer to the attorneys conducting the patent prosecution as "reissue counsel.")

Camp Chef seeks to amend the Standard Protective Order ("SPO"), which automatically applies in civil cases,[1] by adding a prosecution bar. (Mot. 1, Doc. No. 34.) According to Camp Chef, a prosecution bar is necessary because the SPO permits Lifetime's reissue counsel to view Camp Chef's protected, technical information disclosed in this case, which creates a risk of inadvertent disclosure. (*Id.* at 2.) For its part, Lifetime argues Camp Chef has not met its burden to implement a prosecution bar, and argues such a bar is unnecessary where the SPO prohibits the use of confidential case information in any other action, including patent prosecutions. (Lifetime Products, Inc.'s Opp'n to Def.'s Mot. to Modify Protective Order ("Opp'n) 6–7, Doc. No. 39.) Lifetime also contends that where Camp Chef has made its product public, there is no basis for prosecution bar. (*Id.* at 6.) Lifetime complains that a prosecution bar would restrict its ability to choose its own counsel. (*Id.* at 2.)

## LEGAL STANDARDS

A party seeking a patent prosecution bar must establish good cause, which requires a showing that "the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 181 (Fed. Cir. 2010). Because patent prosecution "can encompass a range of activities," a party seeking a prosecution bar cannot meet its burden by simply noting the same attorneys are involved in the patent prosecution. *See id.* at 1379. And even where the requesting

---

[1] The SPO is available at: https://www.utd.uscourts.gov/usdc-forms. *See also* DUCivR 26-2.

party meets its burden, the opposing party may still seek a counsel-by-counsel exemption. *Id.* at 1381.

ANALYSIS

Camp Chef argues the current SPO allows reissue counsel and experts qualified as technical advisors to view its confidential information.[2] (Mot. 4, Doc. No. 34.) In principle, this is accurate. The SPO limits disclosure of "Confidential Information" and "Confidential Information – Attorneys Eyes Only" to "Qualified Recipients." SPO § 5. Relevant here, qualified recipients of attorneys'-eyes-only information include "outside counsel of record for the parties in this action," and related individuals of such counsel, including partners and associates, "to the extent reasonably necessary to render professional services in the action," as well as technical advisors. SPO §§ 6(a)(1), (4). Qualified recipients of confidential information also include "[i]n-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action," as well as "[r]epresentatives, officers, or employees of a party as necessary to assist outside counsel with this litigation." *Id.* §§ 6(b)(2), (4). Qualified recipients are obligated to hold such information "in confidence," and are prohibited from using it in any other action, "for any business or other commercial purpose," or "for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request." *Id.* § 5.

Camp Chef argues good cause exists to add a prosecution bar because there is a heightened risk that Lifetime, its counsel, and its experts will "inadvertently misuse Camp Chef's

---

[2] A technical advisor is a nonparty who is not employed by the receiving company or a company with common ownership, designated by the receiving company to receive confidential and attorneys'-eyes-only information. *Id.* § 2(e). Technical advisors must be "reasonably necessary for development and presentation of that party's case," and can include outside experts or consultants. *Id.*

3

confidential information during patent prosecution." (Mot. 1, Doc. No. 34.) According to Camp Chef, the risk of misuse is particularly high because the parties are direct competitors. (*Id.* at 2.) And the firm litigating the current action for Lifetime also prosecuted the '531 patent application and is currently prosecuting the '531 patent reissue application, which claims priority to the patent-in-suit. (*Id.* at 3, 8.) Camp Chef alleges this is particularly problematic where Lifetime is broadening the scope of the claims of the '531 patent in the reissue application. (*Id.* at 3 n.6.) Camp Chef is also concerned about Lifetime's firm's active prosecution of at least two other grill-related patent applications. (*Id.* at 3.) Camp Chef contends these factors combine to create an unacceptable risk Lifetime's counsel will "inadvertently disclose [the confidential] information, make strategic decisions on patent prosecution, or otherwise shape the content of the reissue claims during discussions" with reissue counsel. (*Id.* at 8).

To better ensure its confidential information is not compromised, Camp Chef proposes the following prosecution bar:

> Any persons provided technical Protected Information pursuant to this Protective Order will be prohibited from any activities pertaining to the prosecution of any patent applications (e.g., providing direct or indirect input to, or participating in the drafting, amending or prosecution of patent applications), relating to any cooking devices that can operate with a gas heat source or a pellet burner heat source or both for a period of one (1) year from the conclusion of this litigation and any related litigations and appeals vis-à-vis the affected party.

(Mot. 6, Doc. No. 34). Camp Chef argues this proposal is reasonable because it is sufficiently narrow. First, "only confidential, commercially sensitive technical information such as CAD models, manufacturing information, and source code," will trigger the bar. (*Id.* at 7.) Such information "is clearly relevant to a patent application and poses a heightened risk of inadvertent disclosure," unlike financial or business data, which would not trigger the bar. (*Id.*) Next, Camp Chef argues the activities prohibited by the bar—those related to patent prosecution (e.g.,

4

providing direct or indirect input to, or participating in the drafting, amending or prosecution of patent applications)—are appropriately narrow. (*Id.*) The bar does not prohibit "litigation counsel from providing non-prosecution-related legal advice to Lifetime" nor does it preclude reissue counsel who do not receive confidential information disclosed in this case from prosecuting patents. (*Id.*) Camp Chef maintains the time frame (one year from the conclusion of this litigation) is reasonable in light of the pending reissue application. (*Id.*) Lastly, Camp Chef argues the subject matter ("cooking devices that operate with a gas or a pellet burner heat source or both") is reasonably narrow because this "is the technology disclosed in the patent-in-suit and the products accused of infringement." (*Id.*)

Lifetime opposes the prosecution bar as unnecessary, overbroad, and restrictive of Lifetime's ability to have the counsel of its choice. (Opp'n, Doc. No. 39.) First, Lifetime points to Camp Chef's burden to prove the prosecution bar is reasonable using specific facts. (*Id.* at 4–5.) According to Lifetime, Camp Chef has not met this burden because it relies on vague and speculative threats as opposed to specific facts. (*Id.* at 2–3.) Lifetime contends Camp Chef failed to identify specific information which would cause injury if disclosed and failed to establish how the litigation information could be used in the patent prosecution. (*Id.* at 5–6.) Lifetime also argues the scope of the prosecution bar is too broad. (*Id.* at 10.) According to Lifetime, as drafted, it would prohibit attorneys who receive technical, protected information from "any activities pertaining to" prosecuting patent applications relating "to any cooking devices that can operate with a gas heat source or a pellet burden heat source or both." (*Id.* at 10.) Lifetime considers this overbroad where the technology at issue involves both gas and pellet burden heat sources positioned in a particular way. (*Id.*) Lifetime also argues the

prosecution bar would unfairly prohibit Lifetime's litigation counsel from communicating with its reissue counsel on matters not requiring the disclosure of protected information. (*Id.* at 8.)

Finally, Lifetime points to additional reasons Camp Chef has not shown good cause. First, according to Lifetime, the external and internal features of the product were already disclosed at a trade show in October 2021. (*Id.* at 6.) And Lifetime understands that, to the extent they are not public already, all features will be publicly available as of May 2022. (*Id.* at 6 n.3.) Next, Lifetime argues the SPO sufficiently protects the parties' confidential information by prohibiting the receiving party from using the protected information in patent prosecution—a prohibition its counsel and experts will honor. (*Id.* at 7.) Finally, Lifetime contends the division of labor it maintains between its litigation counsel and its patent prosecution counsel diminishes risks; patent prosecution counsel have not been treated as qualified recipients and have not received confidential information. (*Id.* at 2.)

As Lifetime notes, Camp Chef has the burden to establish good cause to impose a prosecution bar. Camp Chef has met this burden by showing the "information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *See Deutsche Bank Tr. Co. Ams.*, 605 F.3d at 1381. Where the same law firm handling the reissue application and the other patent prosecutions will also have access to Camp Chef's technical, protected information, a prosecution bar is necessary to control the risk of inadvertent disclosure. "It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Id.* at 1378 (internal quotation marks omitted).

Camp Chef has met its burden by showing, first, the information "that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO." *See id.* at 1381.  The proposed prosecution bar only relates to technical confidential information, such as CAD models, manufacturing information, and source code—each of which is relevant to the prosecution of patent applications.  Business and financial information, even if designated as confidential, will not trigger the bar.

Next, the scope of the proposed prosecution bar—any activities pertaining to the prosecution of patent applications, such as providing input to, or drafting, amending, or prosecuting patent applications—is reasonable.  Lifetime argues the prosecution of the patent applications does not necessarily require the disclosure of confidential or protected information.  But the prosecution bar does not prevent all communications between litigation counsel and reissue counsel, it only prevents communication between litigation counsel (who have received technical protected information) and reissue counsel pertaining to patent prosecution of the described cooking devices.  Although Lifetime maintains its division of labor means reissue counsel has not received confidential information disclosed in this case, Camp Chef cannot reasonably be expected to rely on an internal firm policy over which it has no control.

The subject matter of the prosecution bar is similarly reasonable.  Although Lifetime contends the relevant technology relates only to cooking devices with both gas and pellet burner heat sources positioned in a particular way, (Opp'n 10, Doc. No. 39), Camp Chef argues the patent-in-suit relates to numerous heat sources, (Def.'s Reply in Support of Mot. to Modify Protective Order 8, Doc. No. 42.("Reply") 8, Doc. No. 42).  Regardless, Lifetime is prosecuting its reissue application, which claims priority to the patent-in-suit.  (Mot. 8, Doc. No. 34.) Because this would permit Lifetime to broaden the scope of those claims, the subject matter of

7

the prosecution bar is sufficiently narrow. (*See id.*) Given the pending reissue prosecution and other patent applications, the one-year duration of the prosecution bar, after conclusion of the litigation, is also reasonable.

Lastly, the parties disagree as to what aspects of the product have become, or will become, public. (Reply 3, 5–6, Doc. No. 42; Opp'n 6, Doc. No. 39.) Camp Chef disputes Lifetime's claim that all internal features were already publicly disclosed and all features will be soon disclosed. (Reply 5–6, Doc. No. 42.) Camp Chef contends certain components of the grill were never made public and argues that while some renderings of CAD models are expected to become public soon, the CAD models themselves will remain confidential. (Reply 3 n.7, 5, Doc. No. 42.) Where this issue is disputed, it is not a basis to deny the prosecution bar. But if Camp Chef designates information which has been made public as "technical, protected information," Lifetime may challenge the designation, including whether the information legitimately falls under the prosecution bar. *See* SPO § 9.

At the hearing, Lifetime expressed concern that Camp Chef might consider some information "technical, protected information" which Lifetime would not, leading to an inadvertent breach of the prosecution bar. Based on the current designations in the SPO,[3] Lifetime has no way to know what Camp Chef considers to be "technical, protected information" as opposed to just "protected information." This concern can be alleviated through the use of a separate designation. Any information the parties believe falls under the prosecution bar must

---

[3] Specifically, the SPO defines "Protected Information" as "confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party." SPO § 2(a). Protected Information is then generally designated by the producing party as "Confidential Information" or "Confidential Information – Attorneys Eyes Only." *See* SPO §§ 2(b), (c). All three designations are significantly broader than the information that triggers the prosecution bar.

include a separate designation of "Confidential – Prosecution Bar." *C.f. Deutsche Bank Tr. Co. Ams.*, 605 F.3d at 1376. If the parties disagree as to the applicability of the "prosecution bar" designation to particular information, they may challenge the designation through the procedure outlined in the SPO.

## CONCLUSION

Where Camp Chef established good cause for the prosecution bar, their motion (Doc. No. 34) is GRANTED. The following prosecution bar is imposed in this case:

> Any persons provided technical Protected Information pursuant to this Protective Order will be prohibited from any activities pertaining to the prosecution of any patent applications (e.g., providing direct or indirect input to, or participating in the drafting, amending or prosecution of patent applications), relating to any cooking devices that can operate with a gas heat source or a pellet burner heat source or both for a period of one (1) year from the conclusion of this litigation and any related litigations and appeals vis-à-vis the affected party.

The SPO otherwise remains binding. Any documents or information the parties believe to be technical, protected information must be separately marked with the designation "Confidential – Prosecution Bar." Nothing in this order prevents Lifetime or Camp Chef from later seeking a counsel-by-counsel exemption from the prosecution bar. *See Deutsche Bank Tr. Co. Ams.*, 605 F.3d at 1378, 1380–81.

DATED this 24th day of May, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge