UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LOGAN OUTDOOR PRODUCTS, LLC, a Utah Limited Liability Company d/b/a Camp Chef,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXEMPTIONS FROM PROSECUTION BAR (DOC. NO. 82)**<br><br>Case No. 1:21-cv-00156<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement action, Plaintiff Lifetime Products, Inc. has filed a Motion for Exemptions from Prosecution Bar.[1] Lifetime seeks an order exempting four members of its litigation counsel from the prosecution bar imposed in this case.[2] Because Lifetime wants these lawyers to participate in the pending *inter partes* review ("IPR") of the patent-in-suit before the Patent Trial and Appeals Board (the "Patent Board"), it seeks expedited relief.[3] Defendant Logan Outdoor Products, LLC ("Camp Chef") opposes the motion.[4]

Lifetime's motion is granted in part and denied in part. The motion is granted to the extent Lifetime seeks an exemption from the prosecution bar permitting its litigation counsel to

---

[1] (Lifetime Products, Inc.'s Mot. for Exemptions from Prosecution Bar ("Mot."), Doc. No. 82.)

[2] (*Id.*; *see also* Mem. Decision and Order Granting Def.'s Mot. to Modify Protective Order ("MPO"), Doc. No. 53.)

[3] (Mot.1, 6, Doc. No. 82.)

[4] (Def.'s Opp'n to Lifetime Products, Inc.'s Mot. for Exemption from Prosecution Bar ("Opp'n"), Doc. No. 98.)

participate in IPR proceedings. But this exemption is limited: counsel who have accessed confidential, prosecution-bar information may not participate in drafting or amending claims in the IPR proceedings. Lifetime's motion is denied to the extent Lifetime seeks an exemption from the prosecution bar for purposes other than the IPR proceedings at issue. Lifetime has not met its burden to establish a complete exemption from the prosecution bar is warranted.

## BACKGROUND

Lifetime alleges Camp Chef's grills infringe its patent (the '531 patent).[5] The law firm representing Lifetime in this infringement action also represents Lifetime in patent prosecution activities.[6] For this reason, Camp Chef sought a modified protective order implementing a prosecution bar in this case.[7] On May 24, 2022, this court granted the modified protective order imposing the following prosecution bar:

> Any persons provided technical Protected Information pursuant to this Protective Order will be prohibited from any activities pertaining to the prosecution of any patent applications (e.g., providing direct or indirect input to, or participating in the drafting, amending or prosecution of patent applications), relating to any cooking devices that can operate with a gas heat source or a pellet burner heat source or both for a period of one (1) year from the conclusion of this litigation and any related litigations and appeals vis-à-vis the affected party.[8]

The order granting the modified protective order also notes "[n]othing in this order prevents Lifetime or Camp Chef from later seeking a counsel-by-counsel exemption from the prosecution bar."[9] After implementation of the prosecution bar, Camp Chef produced discovery

---

[5] (Compl., Doc. No. 2.)

[6] (*See* Def.'s Mot. for Protective Order ("Mot. for PO") 3, Doc. No. 34.)

[7] (*See generally id.*)

[8] (MPO 9, Doc. No. 53.)

[9] (*Id.*)

2

materials to Lifetime bearing the "prosecution bar" designation.[10] During this same timeframe, Camp Chef petitioned the Patent Board for *inter partes* review of the '531 patent and moved to stay this litigation pending that review.[11] Both parties are operating under the assumption that the prosecution bar currently excludes Lifetime's litigation counsel, attorneys Kirk R. Harris, Sterling A. Brennan, L. Rex Sears, and Paul G. Johnson, from participating in the IPR.[12] Lifetime seeks an exemption from the prosecution bar in part so that these attorneys can participate in the pending IPR proceedings before the Patent Board.[13]

## LEGAL STANDARDS

Once a party satisfies its initial burden and a prosecution bar is imposed in a case, exemptions from the bar may be granted on a counsel-by-counsel basis.[14] A party seeking exemption from a prosecution bar must show:

> (1) that counsel's representation of the client in matters before the PTO [(United States Patent and Trademark Office)] does not and is not likely to implicate competitive decision[-]making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on

---

[10] (Mot. 2, Doc. No. 82; Opp'n 8–9, Doc. No. 98.)

[11] (*See* Def.'s Mot. to Stay, Doc. No. 69.)

[12] (Mot. 1, 6, Doc. No. 82.)

[13] (*See generally id.*) Camp Chef filed a separate motion to maintain its prosecution-bar designations. (*See* Def.'s Mot. to Maintain Prosecution Bar Designations, Doc. No. 95.) Lifetime opposed it on the grounds that all prosecution-bar designations made before September 14, 2022 were improper and should not implicate the prosecution bar against the above-listed attorneys. (*See* Pl.'s Opp'n to Mot. to Maintain Prosecution Bar Designations, Doc. No. 100.) The motion was granted in part and denied in part. (*See* Mem. Decision and Order Granting in Part and Den. in Part Def.'s Mot. to Maintain Prosecution Bar Designations ("Designation Order"), Doc. No. 105.)

[14] *See In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1381 (Fed. Cir. 2010).

its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.[15]

In assessing the propriety of an exemption from a patent prosecution bar, a court should "examine all relevant facts surrounding counsel's actual preparation and prosecution activities."[16]

## DISCUSSION

At the heart of this motion is the impact of the prosecution bar on the IPR proceedings. Accordingly, this issue is considered first, followed by an evaluation of Lifetime's exemption motion outside the IPR context.

> **I. The Prosecution Bar Does Not Prohibit Lifetime's Litigation Counsel from Participating in IPR Proceedings, but Counsel Who Have Accessed Confidential, Prosecution-Bar Information May Not Participate in Drafting or Amending Claims.**

Lifetime pursues this motion in direct response to Camp Chef's petition to the Patent Board seeking *inter partes* review of the patent-in-suit.[17] Lifetime contends "*any* abridgment of Lifetime's right to have the benefit of counsel of its choice" is prejudicial.[18] Lifetime specifically seeks prosecution bar exemptions for Kirk R. Harris, Sterling A. Brennan, L. Rex Sears, and Paul G. Johnson. Lifetime argues that, by petitioning for IPR, Camp Chef shifted litigation over the validity of the published prior art from this action to the Patent Board.[19]

---

[15] *Id.*

[16] *Id.* at 1380.

[17] (Mot. 1, 6, Doc. No. 82.)

[18] (Lifetime Products, Inc.'s Reply to Def.'s Opp'n to Mot. for Exemptions from Prosecution Bar ("Reply") 4, Doc. No. 103 (internal quotation marks omitted) (emphasis in original).)

[19] (Mot. 6, Doc. No. 82.)

According to Lifetime, "[w]ere it not for the IPR, [validity] would have been litigated in this action, with no limitation on the participation of Lifetime's litigation counsel."[20] For its part, Camp Chef argues Lifetime's litigation counsel's participation in IPR proceedings poses a substantial risk to Camp Chef, even though claims cannot be broadened in that process, because they "may still be restructured . . . in a way that would undoubtedly benefit from access to an alleged infringer's proprietary information."[21]

While courts are divided on the issue of how to handle prosecution bars in the context of IPR proceedings, three approaches have emerged.[22] Under the first approach, courts "prohibit[] litigation counsel who have had access to the opposing party's confidential information from participating in any way in post-grant proceedings[23] regarding the same patents at [] issue in the litigation."[24] Even though parties are only permitted to narrow claims in post-grant proceedings, courts adopting this approach focus on the risk that patent prosecutors could use confidential information to "strategic[ally] narrow claims to avoid prior art while still capturing the defendant['s] products."[25] Courts following this approach find this causes a significant risk of prejudice.[26]

---

[20] (*Id.*)

[21] (Opp'n 7, Doc. No. 98 (quoting *Grobler v. Apple Inc.*, No. C 12-01534, 2013 U.S. Dist. LEXIS 65048, at *3 (N.D. Cal. May 7, 2013) (unpublished)).)

[22] *See Brit. Telecomms. PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 395–98 (D. Del. 2019).

[23] "Post-grant proceedings" encompasses various proceedings, such as IPR and reexamination. *See id.* (providing examples).

[24] *Brit. Telecomms.*, 330 F.R.D. at 396 (compiling cases where courts used this first approach).

[25] *Id.* (first alteration in original) (internal quotation marks omitted).

[26] *Id.*

Under the second approach, courts permit litigation counsel to participate fully in post-grant proceedings.[27] Courts adopting this approach do so on grounds that post-grant proceedings are "limited [to] assessing only the patentability of existing claims against specific prior art references" and "amendments made during [post-grant proceedings] can only serve to *narrow* the original claims. Hence, no product that did not infringe a patent before [post-grant proceedings] could ever infringe that patent following [post-grant proceedings]."[28] However, courts adopting this approach sometimes impose two threshold limitations: (1) opposing counsel must have initiated the post-grant proceedings[29] and (2) litigation counsel's participation is "preconditioned on their acceptance of an express legal obligation . . . not to rely [during [post-grant proceedings]] in any way on confidential information supplied by the opposing party."[30]

Under the third approach, courts permit "counsel who have had access to confidential information to participate in post-grant proceedings, but prohibit[] them from participating in

---

[27] *See id.* at 397–98 (compiling cases where courts used the second approach).

[28] *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. Sept. 8, 2010); *see also Howmedica Osteonics Corp. v. Depuy Orthopaedics*, No. 11-6498; No. 11-6499; No. 11-6500; No. 11-6511, 2012 U.S. Dist. LEXIS 199380, at *14 (D.N.J. Dec. 19, 2012) (unpublished) ("[P]atent claims cannot be broadened in [post-grant] proceedings . . . and thus the risk of conferring a tactical advantage to the patent holder's counsel is minimal." (internal quotation marks omitted)).

[29] Courts have noted "when it is the opposing party who seeks reexamination, then the reexamination is really part and parcel of the litigation at issue. . . . [I]t would be unfair to force the patent owner to simultaneously defend before the PTO and the court with different counsel. But [s]hould anyone other than Defendant seek reexamination . . . , the justifications for allowing trial counsel to participate are substantially undermined." *Shared Memory Graphics, LLC v. Apple, Inc.*, No. C-10-2475, 2010 U.S. Dist. LEXIS 125184, at *13 (N.D. Cal. Nov. 12, 2010) (unpublished) (citations omitted) (second alteration in original) (internal quotation marks omitted).

[30] *Id.* at *14; *see also Howmedica Osteonics*, 2012 U.S. Dist. LEXIS 199380 at *16–18 (imposing these same limitations) (first alteration in original).

drafting or amending claims in those proceedings."[31] More recent decisions tend to favor this approach.[32] In part, this is because courts recognize IPR[33] "is an increasingly important venue for challenging a patent's validity."[34] Accordingly, courts have determined that "preventing trial counsel exposed to [a] defendant['s] confidential information from [] participating in [post-grant] proceedings would force [a] plaintiff to split its resources between two fronts of the same war."[35]

The *British Telecommunications PLC v. IAC/InterActiveCorp*[36] case illustrates how the third approach strikes the appropriate balance between competing interests. In *British Telecommunications*, the court permitted a plaintiff's litigation counsel to participate in post-grant proceedings so long as counsel did not participate in drafting and amending claims.[37] The court recognized the risk inherent "in permitting litigation counsel who have had access to

---

[31] *Brit. Telecomms.*, 330 F.R.D. at 396–97 (compiling cases where courts used this third approach).

[32] *See id.* at 398 ("[T]he trend of recent decisions by courts in this district as well as elsewhere has been to adopt some form of restriction on the activity of patentees' litigation counsel in post-grant review proceedings."). Most courts which have permitted litigation counsel to participate fully in post-grant proceedings did not address whether to limit participation in drafting and amending claims. *See id.* ("Most of the cases in the [second] category antedate the more recent cases that have taken a more preclusive approach to the participation of litigation counsel in post-grant proceedings."); *see also id.* at 397–98 (compiling cases).

[33] Some cases refer to *inter partes* reexamination, which was a precursor to *inter partes* review. *See* 19 MOORE'S FEDERAL PRACTICE - CIVIL § 208.20 (2022) ("The patent system was changed by the Leahy-Smith America Invents Act, 35 U.S.C. § 100, et seq. Previously any person could request inter partes reexamination of a patent that had been issued; the Act replaced that system with inter partes review.").

[34] *Xerox*, 270 F.R.D. at 185.

[35] *Id.*

[36] 330 F.R.D. 387 (D. Del. 2019).

[37] *Id.* at 395–98.

confidential information to participate in drafting and amending claims in post-grant review proceedings."[38]  While the court found the risk "mitigated by the fact that claims cannot be broadened in *inter partes* review," it also acknowledged the danger that claims may be "narrowed in a way that preserves their validity but still covers products of the defendants."[39]  Conversely, the court recognized the plaintiff's "strong interest in choosing its own counsel, particularly in the complex and technical realm of patent litigation."[40]

After considering both parties' interests, the *British Telecommunications* court concluded some risk to the defendant was already mitigated by the limited scope of post-grant proceedings—and any remaining risk was mitigated by prohibiting plaintiff's litigation counsel from participating in drafting or amending claims in those proceedings.[41]  Likewise, the court determined any inconvenience or prejudice to the plaintiff due to limitations on its ability to choose its counsel was mitigated by "the fact that any counsel, including litigation counsel, who have not had access to the defendants' confidential materials [could] participate in drafting or amending claims" in the post-grant proceedings.[42]

Where the interests at stake in this case are the same as in *British Telecommunications*, the approach that court adopted is fitting here.  Lifetime's litigation counsel is permitted to participate in IPR proceedings with one limitation: counsel with access to confidential, prosecution-bar information may not participate in drafting or amending claims.  This approach

---

[38] *Id.* at 398 (emphasis added).

[39] *Id.*

[40] *Id.* at 390 (internal quotation marks omitted).

[41] *See id.* at 398.

[42] *Id.* at 395.

will mitigate any prejudice to Lifetime due to limitations in choosing its counsel. The risk to Camp Chef—that Lifetime's litigation counsel might restructure claims based on prosecution-bar information in a way benefitting Lifetime—is also mitigated by the limitation on drafting or amending claims. Accordingly, Lifetime's litigation counsel may participate in IPR proceedings, but those who have accessed confidential, prosecution-bar information may not participate in drafting or amending claims.[43]

## II. Lifetime Has Not Met Its Burden of Establishing Its Litigation Counsel Should Be Exempted from the Prosecution Bar Outside the IPR Context.

Lifetime has failed to make the showing necessary to secure broader exemptions from the prosecution bar for its litigation counsel outside the context of IPR. Specifically, Lifetime has failed to establish the representation by the attorneys it seeks to exempt is unlikely to implicate competitive decision-making. Further, Lifetime has failed to show its potential injury outweighs that of Camp Chef.[44]

### a. Competitive Decision-Making

For an attorney to be granted a prosecution-bar exemption, the moving party must show the attorney's involvement is not likely to implicate competitive decision-making.[45] Lifetime has

---

[43] Any materials de-designated pursuant to the court's order regarding Camp Chef's prosecution-bar designations are not considered "prosecution bar" materials for purposes of this order. (*See* Designation Order, Doc. No. 105.) From the declarations Lifetime submitted, it appears Paul Johnson may only have accessed information which has now been stripped of its prosecution-bar designation. (*See* Paul G. Johnson Decl. ¶¶ 9–10, Doc. No. 86 (certifying what information he was exposed to); *see also* Christopher J. Pulido Decl. ¶ 4, Doc. No. 98-1 (providing a list of individuals sent "prosecution bar" materials, which does not include Mr. Johnson).) To the extent this is accurate, Mr. Johnson may participate fully in the IPR proceedings, including drafting and amending claims.

[44] *See Deutsche Bank*, 605 F.3d at 1381.

[45] *Id.*

failed to show Mr. Sears, Mr. Harris, Mr. Brennan, and Mr. Johnson are not involved in competitive decision-making.

Competitive decision-making is "[s]horthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."[46] Because "patent prosecution is not a one-dimensional endeavor," courts recognize "it is shortsighted to conclude that every patent prosecution attorney is necessarily involved in competitive decision[-]making."[47] To aid in determining whether attorneys are involved in competitive decision-making, it helps to consider different categories of attorneys.[48]

The first category includes attorneys engaged in administrative tasks and those with "high-altitude oversight" of patent prosecution.[49] These attorneys have "no significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios."[50] Attorneys in this category are more likely to be granted exemptions.[51]

The second category of attorneys are those whose duties may include:

> [O]btaining disclosure materials for new inventions and inventions under development, investigating prior art relating to those inventions, making strategic decisions on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or

---

[46] *Id.* at 1378.

[47] *Id.* at 1379.

[48] *See id.* at 1379–80.

[49] *Id.*

[50] *Id.* at 1380.

[51] *Id.*

continuations-in-part of applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution.[52]

Attorneys in this category are unlikely to be granted exemptions.[53]

The third category includes attorneys with duties falling between the first two categories.[54] This includes those who may be somewhat removed from the process, but still have "occasion to shape the content of a patent application" or "opportunity to influence the direction of prosecution."[55] It is inherently more difficult to evaluate attorneys in this third category.[56] To assess whether attorneys in this category should be exempted from a prosecution bar, it is necessary to consider specific information and facts as to each attorney's role and level of involvement.[57] Another consideration is whether the attorneys seeking exemption are members of the patent bar; they are more likely to be exempted if they are not.[58]

Lifetime contends all four attorneys at issue, Mr. Sears, Mr. Harris, Mr. Brennan, and Mr. Johnson, fall into the third ("in between") category of attorneys.[59] But Lifetime fails to provide enough information about the roles of these attorneys to permit a determination as to whether their representation of Lifetime implicates competitive decision-making. Lifetime provided

---

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *See id.*; *see also Front Row Techs., LLC v. NBA Media Ventures, LLC*, 125 F. Supp. 3d 1260, 1279 (D.N.M. 2015) (noting this category "present[s] a closer question").

[57] *See Deutsche Bank*, 605 F.3d at 1380.

[58] *See Front Row Techs.*, 125 F. Supp. 3d at 1286.

[59] (*See* Mot. 7–9, Doc. No. 82.)

declarations from each attorney, and each declaration contains identical assertions: that the attorney does not advise Lifetime as to pricing or product design for the type of cooking device at issue, and the attorney does not obtain materials, investigate, make strategic decisions, or work on patent applications for the type of cooking device at issue.[60] But Lifetime concedes it "seeks to free its litigation counsel to give [] prosecution-related advice relating solely to public information about the accused products and prior art."[61] For instance, Lifetime notes Mr. Sears "might provide input to influence the direction of prosecution."[62] And Lifetime repeats this objective with respect to Mr. Harris, Mr. Brennan, and Mr. Johnson.[63]

Lifetime's focus on freeing these attorneys to give patent-prosecution advice based on publicly available information is problematic because it hinges on Lifetime's own assessment of the appropriateness of Camp Chef's prosecution-bar designations.[64] Lifetime argues attorneys should not be subject to the prosecution bar if they only accessed information Camp Chef improperly designated as "prosecution bar" material.[65] But Lifetime made these arguments

---

[60] (*See* Kirk R. Harris Decl. ¶¶ 3–4, Doc. No. 85; Sterling A. Brennan Decl. ¶¶ 3–4, Doc. No. 84; Paul G. Johnson Decl. ¶¶ 3–4, Doc. No. 86; L. Rex Sears Decl. ¶¶ 3–4, Doc. No. 83.)

[61] (Mot. 2 n.1, Doc. No. 82 (emphasis omitted).)

[62] (*Id.* at 7 (internal quotation marks omitted); *see also* L. Rex Sears Decl. ¶¶ 3–5, Doc. No. 83.)

[63] (*See* Kirk R. Harris Decl. ¶ 5, Doc. No. 85 ("But for the prosecution bar . . . I might have the opportunity to influence the direction of prosecution of Lifetime's pending application for reissue of the patent in suit, as well as Lifetime's other pending patent applications relating to cooking devices . . . ."); Sterling A. Brennan Decl. ¶ 5, Doc. No. 84 (same); Paul G. Johnson Decl. ¶ 5, Doc. No. 86 (same).)

[64] (*See* Mot. 7–9, Doc. No. 82.)

[65] (*See id.* at 2; *see also* Lifetime Products, Inc.'s Opp'n to Def.'s Mot. to Maintain Prosecution Bar Designations 6–10, Doc. No. 100.)

before the court issued its order permitting Camp Chef to maintain some of its designations.[66] In light of this ruling, it is unclear to what extent the information each lawyer accessed maintains its prosecution-bar designation, making it impossible to ascertain whether each attorney's representation would implicate competitive decision-making. This is particularly true where Lifetime provides no other information about the respective roles of these attorneys or the extent to which any of them influence the direction of patent prosecution for cooking devices generally. In other words, while Lifetime submitted limited statements regarding activities the attorneys do *not* participate in, it provided no information on the activities the attorneys *do* participate in. The fact that Mr. Sears, Mr. Harris, and Mr. Brennan are not members of the patent bar[67] is not enough to warrant exemption under the circumstances.

Lifetime has not met its burden under this prong; it has failed to establish the advice Mr. Sears, Mr. Harris, Mr. Brennan, and Mr. Johnson may provide is unlikely to implicate competitive decision-making.

b. *Balancing the Potential Injury to Each Party*

Lifetime has also failed to meet its burden under the second prong of the exemption test by failing to establish its potential injury outweighs the potential injury to Camp Chef.[68] In evaluating potential injury, courts consider: the extent and duration of counsel's past history in representing the client before the Patent and Trademark Office ("PTO"), the degree of the client's

---

[66] (*See generally* Designation Order, Doc. No. 105.)

[67] (*See* Mot. 7, Doc. No. 82; *see* Kirk R. Harris Decl. ¶ 1, Doc. No. 85; Sterling A. Brennan Decl. ¶ 1, Doc. No. 84; L. Rex Sears Decl. ¶ 1, Doc. No. 83.)

[68] *See Deutsche Bank*, 605 F.3d at 1381.

reliance and dependence on that past history, and the difficulty the client might face if forced to rely on other counsel for the pending litigation or to represent it before the PTO.[69]

Lifetime does not address these factors to any meaningful extent. Instead, Lifetime focuses on the potential harm it would suffer in the IPR context, arguing any abridgment of its "right to have the benefit of counsel of its choice" would result in injury.[70] Outside the context of IPR proceedings, Lifetime has failed to demonstrate it would suffer harm and also failed to contrast its potential harm with any injury Camp Chef would suffer if a full exemption to the prosecution bar were granted.

Lifetime has not met its burden to show any potential injury it would suffer exceeds the potential injury to Camp Chef. Accordingly, Lifetime's motion is denied to the extent it seeks a complete exemption from the prosecution bar for Mr. Sears, Mr. Harris, Mr. Brennan, and Mr. Johnson.

## CONCLUSION

Lifetime's motion for exemptions from the prosecution bar is granted in part and denied in part. The motion is granted to the extent Lifetime seeks an exemption from the prosecution bar permitting its litigation counsel to participate in IPR proceedings. But this exemption is limited: counsel who have accessed confidential, prosecution-bar information may not participate in drafting or amending claims in the IPR proceedings. Lifetime's motion is denied to the extent Lifetime seeks an exemption from the prosecution bar for purposes other than the IPR

---

[69] *See id.* at 1381.

[70] (*See* Mot. 4, Doc. No. 82 (quoting *Deutsche Bank*, 605 F.3d at 1380).)

proceedings at issue. Lifetime has not met its burden to establish a complete exemption from the prosecution bar is warranted. It is so ORDERED.

DATED this 22nd day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge