UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah Corporation,<br><br>    Plaintiff,<br>v.<br><br>LOGAN OUTDOOR PRODUCTS, LLC, a Utah Limited Liability Company d/b/a Camp Chef,<br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW (DOC. NO. 69)**<br><br>Case No. 1:21-cv-00156<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement action, Defendant Logan Outdoor Products, LLC ("Camp Chef") has filed a Motion to Stay Pending *Inter Partes* Review.[1] On August 25, 2022 Camp Chef petitioned the United States Patent and Trademark Office ("PTO") for *inter partes* review ("IPR").[2] Camp Chef seeks an order staying this case until the conclusion of its challenge before the PTO.[3] While Lifetime does not oppose a stay, it does oppose the timetable and conditions of the stay proposed by Camp Chef.[4] In light of the court's recent rulings[5] and because (1) a stay will not unduly prejudice or present a clear tactical disadvantage to Lifetime; (2) a stay will

---

[1] (Def.'s Mot. to Stay Pending *Inter Partes* Review ("Mot."), Doc. No. 69.)

[2] (*Id.* at 1.)

[3] (*Id.* at 2.)

[4] (*See* Lifetime Products, Inc.'s Resp. to Def.'s Mot. to Stay Pending *Inter Partes* Review ("Resp.") 1, Doc. No. 76.)

[5] (*See* Mem. Decision and Order Granting in Part and Den. in Part Def.'s Mot. to Maintain Prosecution Bar Designations ("Designation Order"), Doc. No. 105; Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Mot. for Exemptions from Prosecution Bar ("Exemption Order"), Doc. No. 106.)

1

simplify the issues and trial of the case; and (3) discovery is ongoing and no trial date has been set, the stay is GRANTED.

## BACKGROUND

Lifetime alleges Camp Chef's grills infringe its patent (the '531 patent).[6] The law firm representing Lifetime in this infringement action also represents Lifetime in patent prosecution activities.[7] For this reason, Camp Chef sought a modified protective order implementing a prosecution bar in this case.[8] On May 24, 2022, this court granted Camp Chef's motion and imposed a prosecution bar, prohibiting any person provided with technical information in this case from participating in activities related to the prosecution of patent applications regarding the cooking devices at issue for a year after the litigation concludes.[9]

The order granting the modified protective order also notes "Lifetime may challenge the designation, including whether the information legitimately falls under the prosecution bar"[10] and "[n]othing in this order prevents Lifetime or Camp Chef from later seeking a counsel-by-counsel exemption from the prosecution bar."[11] After implementation of the prosecution bar, Camp Chef produced discovery materials to Lifetime bearing the "prosecution bar"

---

[6] (Compl., Doc. No. 2.)

[7] (*See* Def.'s Motion to Modify Protective Order ("Mot. for MPO") 3, Doc. No. 34.)

[8] (*See generally id.*)

[9] (*See* Mem. Decision and Order Granting Def.'s Mot. to Modify Protective Order ("MPO") 9, Doc. No. 53.)

[10] (*Id.* At 8.)

[11] (*Id.* at 9.)

designation.[12] During this same timeframe, Camp Chef moved for summary judgment,[13] petitioned the PTO for *inter partes* review of the '531 patent, and filed this motion seeking to stay this litigation pending that review.[14] At the time Camp Chef filed this motion to stay, both parties believed the prosecution bar excluded Lifetime's litigation counsel from participating in IPR proceedings.[15] Since then, the court has clarified that the prosecution bar does not prohibit Lifetime's litigation counsel from participating in IPR proceedings—subject to a limitation on drafting or amending claims.[16]

## LEGAL STANDARDS

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[17] A court may use this discretion to stay an action "to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[18] The party

---

[12] (*See* Lifetime Products, Inc.'s Mot. for Exemptions from Prosecution Bar ("Pl.'s Mot. for Pbar Exemptions") 2, Doc. No. 82; Def.'s Opp'n to Lifetime Products, Inc.'s Mot. for Exemptions from Prosecution Bar 8–9, Doc. No. 98.)

[13] (*See* Def.'s Mot. for Summ. J. of Non-Infringement, Doc. No. 59.) The motion is fully briefed and remains pending.

[14] (*See* Mot. 1, Doc. No. 69.)

[15] (*See* Pl.'s Mot. for Pbar Exemptions 1, 6, Doc. No. 82.)

[16] (*See* Exemption Order 4–9, Doc. No. 106.)

[17] *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299, 2015 U.S. Dist. LEXIS 179972, at *4 (D.N.M. Mar. 31, 2015) (unpublished); *see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[18] *Seed Research Equip. Sols., LLC v. Gary W. Clem, Inc.*, No. 09-01282, 2012 U.S. Dist. LEXIS 85074, at *6 (D. Kan. June 20, 2012) (unpublished) (internal quotation marks omitted).

seeking a stay "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."[19]

The Federal Circuit recognizes "that a district court may properly stay proceedings in a patent case pending the [PTO]'s reexamination of a patent."[20] While there is no prescribed set of factors a court must consider when deciding whether to stay a case pending IPR,[21] courts typically apply a three-factor test:

> (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non[]moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.[22]

Courts recognize a "liberal policy in favor of granting motions to stay proceedings pending the [] outcome" of IPR proceedings.[23]

---

[19] *Creative Consumer Concepts Inc., v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal quotation marks omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.")

[20] *ClearPlay v. Dish Network LLC*, No. 2:14-cv-00191, 2021 U.S. Dist. LEXIS 115165, at *3 (D. Utah June 18, 2021) (unpublished); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[21] *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016.)

[22] *Id.* at 1361.

[23] *Esip Series 1, LLC v. Doterra Int'l, LLC*, No. 2:15-cv-779, 2017 U.S. Dist. LEXIS 225933, at *4 (D. Utah Dec. 5, 2017) (unpublished).

ANALYSIS

Although Lifetime does not oppose a stay,[24] it takes issue with "the timetable and conditions" proposed by Camp Chef.[25] Camp Chef contends all three factors the court must consider favor a stay pending conclusion of its IPR petition before the PTO.[26] Both Lifetime and Camp Chef agree the third factor weighs in favor of a stay because discovery is not complete and no trial date has been set.[27] The two remaining factors—whether a stay will unduly prejudice or present a clear tactical disadvantage to Lifetime and whether a stay will simplify the issues in this litigation—are addressed below.

### I.   A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Lifetime.

In this case, Lifetime will not suffer undue prejudice or be clearly tactically disadvantaged by a stay.[28] The "delay inherent to the [IPR] process does not constitute, by itself,

---

[24] (*See generally* Resp., Doc. No. 76.)

[25] (*Id.* at 1.)

[26] (*See* Mot. 1–2, Doc. No. 69.)

[27] (*See* Mot. 4–6, Doc. No. 69; Resp. 5, Doc. No. 76; Reply 5, Doc. No. 96 (conceding discovery is incomplete, no trial date is set, and continuing discovery would be inefficient at this juncture).)

[28] *See Murata Mach.*, 830 F.3d at 1361.

undue prejudice."[29] Further, a stay is justified "where the movant promptly moved for [IPR] and has not used dilatory tactics or demonstrated bad faith."[30]

Camp Chef promptly and properly moved for IPR; Lifetime does not argue otherwise.[31] Instead, Lifetime's prejudice argument relates to the impact a stay would have on its ability to object to specific prosecution-bar designations or seek exemptions from the bar.[32] Lifetime argues that if IPR is granted, it will be disadvantaged because all litigation regarding the issue of validity will shift from this case to the IPR proceedings, and the prosecution bar prohibits Lifetime's litigation counsel from participating in IPR proceedings.[33] Lifetime contends this would inhibit its ability to "coordinate its positions on highly interrelated issues" while leaving Camp Chef free to do so.[34] To remedy this perceived disadvantage, Lifetime expressed its intent to challenge various prosecution-bar designations and seek attorney-specific exemptions from the bar.[35] Lifetime argues any stay preventing it from pursuing this relief will cause severe prejudice and, therefore, such efforts should be exempt from any stay.[36]

While Camp Chef's motion to stay was pending, Lifetime sought exemptions from the

---

[29] *ClearPlay*, 2021 U.S. Dist. LEXIS 115165 at *6–7.

[30] *Polaris Indus. v. BRP US Inc.*, No. 12-01405, 2012 U.S. Dist. LEXIS 154479, *5 (D. Minn. Oct. 29, 2012) (unpublished).

[31] (Mot. 10, Doc. No. 69; *see generally* Resp., Doc. No. 76.)

[32] (Resp. 7, Doc. No. 76.)

[33] (*Id.* at 9.)

[34] (*Id.*)

[35] (*Id.*)

[36] (*Id.* at 7, 10.)

prosecution bar[37] and challenged various prosecution-bar designations,[38] consistent with its stated intent.[39] The court has since issued orders on both motions.[40] In the order on Lifetime's motion seeking exemptions, the court permitted Lifetime's litigation counsel to participate in IPR proceedings (subject only to the limitation that counsel who have accessed confidential, prosecution-bar information cannot participate in drafting or amending claims).[41] And in the order on Lifetime's challenges to Camp Chef's prosecution-bar designations, the court upheld some designations but not others.[42]

Where Lifetime's only claim of prejudice from a stay relates to its ability to seek exemptions from (and to challenge designations under) the prosecution bar, the court's rulings mitigate the prejudice. Accordingly, this factor weighs in favor of a stay.

## II. A Stay Will Simplify the Issues in Question and Trial of This Case.

A stay pending resolution of the IPR proceedings is also warranted because it will simplify the issues in the case and any eventual trial.[43] In assessing this factor, courts consider "(1) the role of the PTO's expertise in determining claim validity and the assistance such determination will [provide] the [c]ourt in its own analysis and (2) whether claims, arguments

---

[37] (*See* Pl.'s Mot. for Pbar Exemptions, Doc. No. 82.)

[38] Lifetime opposed Camp Chef's motion seeking to maintain its prosecution-bar designations. (*See* Opp'n to Def.'s Mot. to Maintain Prosecution Bar Designations, Doc. No. 100; *see also* Def.'s Mot. to Maintain Prosecution Bar Designations, Doc. No. 95.)

[39] (*See* Resp. 9, Doc. No. 76.)

[40] (*See* Designation Order, Doc. No. 105; Exemption Order, Doc. No. 106.)

[41] (Exemption Order 4–9, 14, Doc. No. 106.)

[42] (*See* Designation Order, Doc. No. 105.)

[43] *See Murata Mach.*, 830 F.3d at 1361.

and defenses can be narrowed or entirely disposed of."[44] Cases should be stayed when review by the PTO is likely to simplify issues of validity, eliminate the need to try infringement claims altogether, prevent inconsistent results, further judicial economy, or conserve party and judicial resources.[45]

As to the first factor, Camp Chef contends this court will benefit from the expertise of the administrative patent judges who conduct IPR proceedings.[46] These judges, Camp Chef argues, "are more likely to come to correct decisions regarding the validity of patent claims faster than would be achieved via litigation in district court."[47] Camp Chef also contends "the claims subject to [IPR review] completely overlap with the claims in this litigation."[48] Because of this overlap, Camp Chef argues "the [PTO]'s review has the potential to simplify this litigation in several ways" including completely disposing of the action, narrowing the scope of the claims at issue or, at the very least, simplifying claim construction.[49] As to claim construction, Camp Chef contends "a stay [would] avoid the need for multiple/duplicative claim construction determinations" and "without a stay, any claim construction hearing in the district court litigation

---

[44] *Cellect LLC. v. Samsung Elecs. Co.*, No. 19-cv-00438, 2020 U.S. Dist. LEXIS 110041, *10 (D. Colo. June 23, 2020) (unpublished) (internal quotation marks omitted).

[45] *See Dentsply Sirona, Inc. v. Edge Endo*, LLC, No. 1:17-cv-01041, 2018 U.S. Dist. LEXIS 170877, *6 (D.N.M. Oct. 3, 2018) (unpublished); *see also Gould*, 705 F.2d at 1342 ("One purpose of the reexamination procedure is to eliminate trial of [the] issue [of validity] . . . or to facilitate trial of [validity] by providing the district court with the expert view of the PTO.").

[46] (Mot. 6, Doc. No. 69.)

[47] (*Id.*)

[48] (*Id.* at 7 (emphasis omitted).)

[49] (*Id.*)

[could] be rendered superfluous."[50] Despite these arguments, Camp Chef asks the court to first "rule on [its] earlier-filed, potentially case-dispositive Motion for Summary Judgment of Non-Infringement" and to only stay the case if that motion is not granted.[51]

Lifetime does not oppose a stay, but disagrees with the scope proposed by Camp Chef—particularly the request that Camp Chef's pending motion for summary judgment be exempted from any stay.[52] Lifetime agrees a stay pending IPR review could simplify and narrow the issues, but asserts this benefit will not be realized if the court first rules on the summary judgment motion.[53] According to Lifetime, "Camp Chef's summary judgment motion cannot be addressed without wading deeply into claim construction" such as, for example, whether a "housing assembly" can "define" a volume without enclosing it, what it means for a structure to be "in" a volume, or what "central portion" means.[54] Lifetime maintains that if the court chooses to address the summary judgment motion on the merits at this juncture, the case should not be stayed.[55]

A stay will only simplify the case and issues if it is imposed before the court addresses the merits of the claims. It makes little sense for the court to address the summary judgment motion where IPR may dispose of this case and, even if it does not, this court will benefit from the PTO's specialized review and from any record produced during IPR proceedings. Under the

---

[50] (*Id.*)

[51] (*Id.* at 2 n.2; *see also* Def.'s Mot. for Summ. J. of Non-Infringement, Doc. No. 59.)

[52] (*See* Resp. 5–7, Doc. No. 76.)

[53] (*See id.* at 6.)

[54] (*Id.* at 7.)

[55] (*Id.*)

circumstances, granting the stay will permit the IPR proceedings to assist the court in its analysis, prevent inconsistent results, further judicial economy, and conserve party resources. Accordingly, this factor also weighs in favor of a stay.

## CONCLUSION

Where all relevant factors weigh in favor of a stay, Camp Chef's motion to stay[56] is GRANTED. All discovery, deadlines, and pending motions (including Camp Chef's motion for summary judgment) are stayed until fourteen (14) days after the denial of IPR by the PTO or, in the event IPR is granted, the conclusion of IPR proceedings before the PTO—at which point the stay will lift automatically without further notice. Camp Chef is ordered to file a status report within fourteen (14) days of any (1) denial of IPR by the PTO, (2) granting of IPR by the PTO, or (3) conclusion of any IPR proceeding, informing the court as to how the parties intend to proceed in this litigation.

DATED this 7th day of December, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[56] (Doc. No. 69.)